694 P.2d 1185

**STATE of Arizona, Appellee,**

v.

**John Leroy FULLER, Appellant.**

**No. 6269.**

Supreme Court of Arizona,
In Banc.

Feb. 8, 1985.

Robert K. Corbin, Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Di-

ane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

James Hamilton Kemper, Phoenix, for appellant.

GORDON, Vice Chief Justice.

Appellant, John Leroy Fuller, was convicted by a jury in CR–136950 of armed robbery, a class 2 and dangerous felony. The trial court then revoked appellant's probation, which had been imposed in CR–123302 for a class 3 felony theft. Pursuant to that probation revocation, the trial court sentenced appellant to two years imprisonment with credit for 250 days of presentence incarceration. Subsequently, the trial court took judicial notice of appellant's probationary status at the time of the armed robbery. The trial court then sentenced appellant to life imprisonment pursuant to A.R.S. § 13–604.01. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. § 13–4031. We affirm.

The facts, viewed in the light most favorable to upholding the judgment, show that on March 16, 1983 appellant entered a Phoenix stamp and coin shop, pulled out a gun, and declared his intention to rob the store. An accomplice then entered the store and took the two employees to a back room, where he forced them to stay. Meanwhile, appellant removed items worth approximately $20,000 from the store's safe. Appellant and his accomplice then fled the scene by automobile.

Appellant raises three issues relating to his robbery conviction in CR–136950:

(1) Did the trial court commit reversible error by failing to allow appellant to depose three defense witnesses in Mexico?

(a) Did this action violate appellant's sixth and fourteenth amendment rights to compulsory process?

(2) Did the trial court erroneously fail to grant a mistrial because the prosecutor allegedly commented on the defendant's failure to testify?

(3) Was the defendant denied due process of law under the fourteenth amendment to the United States Constitution when the trial judge took judicial notice of his probation status for the purposes of A.R.S. § 13–604.01?

Regarding his theft conviction, CR–123302, appellant raises no issues but asks this Court pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969) to search the record for fundamental error.

## APPELLANT'S RIGHT TO DEPOSE WITNESSES IN MEXICO

Appellant argues the trial court erred in refusing to allow him to depose three witnesses in Mexico.[1]

Prior to trial, appellant moved under Rule 15.3, Ariz.R.Crim.P., 17 A.R.S. to take the depositions of three persons living in Guaymas, Sonora, Mexico. Appellant maintained that the three were unwilling to come to Arizona for trial but that they agreed to give their depositions in Mexico at a specific place and time. According to appellant, the witnesses would testify that appellant was in Guaymas on March 10th of 1983 and "from the middle of March on." Because the robbery occurred on March 16, 1983, appellant intended to use the witnesses' testimony to support an alibi defense. Without reaching its merits, the trial judge denied appellant's motion because he believed he had no "authority or jurisdiction" to order a deposition in Mexico.

---

1. The state has suggested that by relying upon Rule 15.3, Ariz.R.Crim.P., 17 A.R.S. appellant waived this issue on appeal. According to the state, A.R.S. § 13–4111 is the only method defendants should use to secure the testimony of unavailable out-of-state witnesses. We disagree. Both A.R.S. § 13–4111 and Rule 15.3, Ariz.R. Crim.P., 17 A.R.S. provide methods for defend- ants seeking out-of-state depositions. Rule 15.3, however affords a broader procedure for deposing unavailable witnesses than does A.R.S. § 13–4111. *See* Gerber, Criminal Law of Arizona 649 (1978). Appellant certainly may choose the method granting him the broadest possible rights to depose such witnesses. He did not waive the issue on appeal.

Whether to order a deposition under Rule 15.3 is a matter within the discretion of the trial court. *State v. Schoonover*, 128 Ariz. 411, 626 P.2d 141 (App. 1981). The trial court was incorrect in believing it had no power to order a deposition in Mexico. Rule 15.3, Ariz.R.Crim.P., 17 A.R.S. and Rule 28(b), Ariz.R.Civ.P., 16 A.R.S. specify several methods for taking foreign depositions in criminal cases. *See also*, Moore, 4 Moore's Federal Practice para. 28.03 (2nd ed. 1984).

We believe, however, that even had the court exercised its discretion correctly, it should have denied appellant's motion. Appellant's offer of proof was insufficient to meet the materiality requirement of Rule 15.3(a)(1). To meet this requirement, "[t]he defendant must show the materiality of the witness, and make at least a preliminary showing that the [witness'] testimony might result in exonerating the defendant to establish materiality." *State v. Jessen*, 134 Ariz. 458, 462, 657 P.2d 871, 875 (1982).

Appellant failed to make this showing. The proposed testimony would purportedly be that appellant was in Guaymas on March 10 of 1983 and "from the middle of March on" of that same year. The robbery took place on March 16, 1983. Assuming its truth, the proposed evidence proves nothing that could exonerate appellant. That appellant was in Mexico six days before the robbery and in "the middle of March" fails to show appellant was there on March 16th during the robbery. The record reveals that Guaymas is no more than several hours from Phoenix by air travel. Appellant's presence in Guaymas more than several hours from the time of the robbery does not tend to prove his presence in Guaymas at the time of the robbery. The testimony is too vague and indefinite to exonerate appellant.

Additionally, even if the trial court erred in refusing to allow the depositions, the evidence against appellant was overwhelming. Thus, any error was harmless. One witness testified that appellant was in Phoenix the night before the robbery talking about an imminent financial windfall. The coin shop's two employees identified appellant as the robber, and another eyewitness saw appellant leaving the coin shop just ahead of the shop's employees, who were pursuing appellant with a shotgun. As all three eyewitnesses had substantial previous contact with appellant, these identifications were reliable. In addition, the robber left his hat in the get-away car, and several witnesses identified that hat as belonging to appellant.[2]

## PROSECUTORIAL COMMENTS

Appellant next argues that the prosecutor's final rebuttal argument contained impermissible references to appellant's failure to testify. In his closing rebuttal argument, the prosecutor stated:

"Defense counsel is trying to do the best he can to represent his client, and he's doing the best he can. However, the State has a lot of evidence. The defense has no duty to present evidence, that's true. They've presented no evidence, nothing positive. Their entire effort is to tear apart the State's case, to tell you that these eyewitnesses don't know what they saw. That's his purpose here today."

The fifth amendment's protection against self-incrimination prohibits a prosecutor from telling the jury that a defendant's failure to testify supports an unfavorable inference against him. *See Lakeside v. Oregon*, 435 U.S. 333, 98 S.Ct. 1091, 55 L.Ed.2d 319 (1978); *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106

---

**2.** Appellant has also alleged that the trial court violated his sixth amendment right to compulsory process by refusing to allow the depositions in Mexico. *See Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). Appellant has failed to show, however, that the testimony of the witnesses in Mexico would be material. Without such a showing, there can be no constitutional violation. *See United States v. Nobles*, 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975); *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973); *Washington v. Texas, supra*.

(1965); *State v. Mata*, 125 Ariz. 233, 609 P.2d 48 (1980). Such conduct is also violative of state statute:

"The defendant's neglect or refusal to be a witness in his own behalf shall not in any manner prejudice him, or be used against him on the trial or proceedings." A.R.S. § 13–117(B). This statutory right has been extended to the level of a constitutional guaranty. See *State v. Pierson*, 102 Ariz. 90, 425 P.2d 115 (1967).

Thus, under both Arizona and Federal law the test to judge impermissible comment upon a defendant's assertion of his fifth amendment right not to testify is "whether the language used was manifestly intended or was of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify." *United States v. Soulard*, 730 F.2d 1292, 1306 (9th Cir.1984). *See also State v. Christensen*, 129 Ariz. 32, 628 P.2d 580 (1981); *State v. Lee*, 114 Ariz. 101, 559 P.2d 657 (1976); *State v. Pierson*, *supra*. The prosecutor may properly comment upon the defendant's failure to present exculpatory evidence, so long as the comment is not phrased to call attention to the defendant's own failure to testify. *United States v. Soulard, supra*. An exception to this rule occurs when it appears that the defendant is the only one who could explain or contradict the state's evidence. *State v. Still*, 119 Ariz. 549, 582 P.2d 639 (1978).

We do not find the prosecutor's statement violative of appellant's fifth amendment rights. The comment reflected the prosecutor's opinion that the defense failed to present any positive or exculpatory evidence. It did not specifically refer to appellant's failure to take the stand. Furthermore, the instant case is not one where the defendant is the only one who could explain or contradict the state's evidence. Several people witnessed the robbery, and the robber had an accomplice. Moreover, the possibility of alibi witnesses always exists in cases, such as the instant one, where the defendant's identity is at issue.

## JUDICIAL NOTICE OF APPELLANT'S PROBATION STATUS

Appellant next contends that the trial court erred in taking judicial notice that appellant was on probation at the time of the armed robbery. Appellant argues that absent an admission by the defendant, the court must always hold a trial on the question of whether the defendant was on probation at the time of the crime. We first note that appellant failed to object to the trial court's taking judicial notice of appellant's probation status. Thus, absent fundamental error, appellant has waived this issue on appeal.

The trial court did not err in failing to conduct a trial on this question. As appellant notes in his opening brief, the probation revocation and the robbery charge were consolidated in the trial court. Thus, the trial judge had before him information revealing whether or not appellant was on probation at the time of the armed robbery. This information revealed that appellant's probation was in full effect at the time of the armed robbery. As appellant's probation status was part of the consolidated record before the trial court, A.R.S. § 13–604.01 does not require a trial on that question. See *State v. Turner*, 141 Ariz. 470, 687 P.2d 1225 (1984).[3]

Pursuant to A.R.S. § 13–4035, we have searched the entire record for fundamental error, and we have found none. Pursuant to *Anders v. California, supra,* and *State v. Leon, supra,* we have searched the entire record relating to appellant's conviction in CR–123302 for fundamental error, and we have found none. The judgment of conviction and sentence imposed are affirmed.

HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.

---

**3.** We do not decide at this time whether a trial court may properly take judicial notice of a defendant's probation status when such information is not consolidated in the record before the trial court.