735 P.2d 767

STATE of Arizona, ex rel. Roderick G. McDOUGALL, Phoenix City Attorney, Petitioner,

v.

The Honorable Robert J. CORCORAN, Judge Pro Tempore of the Superior Court of Maricopa County; and the Superior Court of the State of Arizona, in and for the County of Maricopa; M. Louis Levin, Presiding Judge, Phoenix Municipal Court, and Tedford KEEN, Jr., Real Party in Interest, Respondents.

No. CV-86-0491-SA.

Supreme Court of Arizona.

March 24, 1987.

Reconsideration Denied May 12, 1987.

Roderick G. McDougall, Phoenix City Atty., Michael L. Scanlan, Asst. Phoenix City Pros., Phoenix, for petitioner.

Patrick E. Eldridge, Phoenix, for real party in interest.

HOLOHAN, Justice.

We accepted jurisdiction of the State's petition for special action to resolve an evidentiary issue which has arisen in a number of cases involving prosecution for driving under the influence of intoxicating liquor. In the case at issue, respondent judge ruled that it was reversible error for the prosecutor to refer at trial to the fact

that the defendant had sought and obtained a breath sample, but did not introduce any evidence relating to the sample at trial.

The facts are not disputed by the parties. After being involved in an automobile accident on December 28, 1984, Tedford Keen, Jr. was arrested for driving under the influence of intoxicating liquor in violation of A.R.S. § 28–692(A), driving with a blood alcohol content of .10% or higher in violation of A.R.S. § 28–692(B), and driving without a valid Arizona driver's license in violation of A.R.S. § 28–411(A). Keen was taken to a police station where a blood alcohol content test utilizing a gas chromatograph intoximeter Mark IV (GCI) device was administered. Keen submitted to the breath test, which showed a .14% blood alcohol content.

Keen was advised of his right to have a sample of his breath preserved. *Baca v. Smith*, 124 Ariz. 353, 604 P.2d 617 (1979). Keen requested a sample, which was collected and impounded for safekeeping. Keen was advised how to obtain the sample for testing. He was then cited and released from custody.

Prior to the trial in Phoenix Municipal Court, defense counsel moved in limine to preclude the prosecutor from mentioning the fact that Keen had obtained a breath sample for his own use. The trial court denied the motion. At trial, the prosecutor elicited testimony from the arresting officer that Keen had asked for and received such a breath sample. Later, Keen took the witness stand, and over defense objections, the prosecutor asked him during cross-examination whether he had received the breath sample. During the course of the trial, Keen challenged the validity of the State's test results.

During closing argument the prosecutor stated: "We don't know in this case what happened with the second sample. You can wonder to yourself what did happen, if it was to his benefit, a reasonable inference would be that he would have brought that evidence forward to you, but he didn't in this case." Defense counsel made no objection. In rebuttal closing argument the prosecutor again commented on the second

breath sample: "It's the same way why the second sample is not available to you, because it was in the defendant's control, and he chose not to give that information to you. The State should not be held accountable for what the defendant chooses not to put forth to you people." Defense counsel moved for a mistrial. The trial court denied the motion and instructed the jury that the defendant is not required to produce any evidence or to prove his innocence.

The jury found Keen guilty of the DUI charge (A.R.S. § 28–692(A)), but not guilty of driving with a blood alcohol content of .10% or more (A.R.S. § 28–692(B)). Keen was found not responsible for violation of A.R.S. § 28–411(A) (driving without a valid license).

The municipal court denied the defense post-trial motion to dismiss, or in the alternative, for a new trial, and the trial judge sentenced Keen to the alternative sentence pursuant to A.R.S. § 28–692.01C.

On appeal to the superior court, the respondent judge reversed Keen's DUI conviction and remanded for new trial on the basis that it was error for the trial court to deny Keen's motion in limine regarding mention of Keen's breath sample. The court stated that the record on appeal did not reflect the fact that Keen took the stand in his own defense.

The State filed a motion for reconsideration, which, among other things, pointed out that the record clearly reflected that Keen had taken the stand in his own defense. The motion was denied without comment. The State sought relief from this court by special action. We accepted jurisdiction and stayed further proceedings in the courts below.

The Fifth Amendment right against compelled self-incrimination prohibits a prosecutor from commenting on defendant's failure to testify. *Griffin v. State of California*, 380 U.S. 609, 615, 85 S.Ct. 1229, 1233, 14 L.Ed.2d 106, 110 (1965); *State v. Fuller*, 143 Ariz. 571, 574, 694 P.2d 1185, 1188 (1985). The Fifth Amendment does not, however, protect a defendant who

takes the stand and testifies in his own behalf. *See State v. Newman,* 122 Ariz. 433, 436, 595 P.2d 665, 668 (1979). When a defendant takes the stand he is subject to cross-examination to the same extent and subject to the same rules as any other witness. In taking the stand, Keen voluntarily subjected himself to questions from the prosecutor as to his actions and his credibility. The prosecutor's question on cross-examination as to whether Keen had received a breath sample therefore presents no Fifth Amendment violation.

Counsel for Keen argues that permitting the State to raise the issue of the breath test furnished the defendant, in effect, compels the defendant to furnish evidence against himself. In support of his position counsel has relied on *In re Misener,* 38 Cal.3d 543, 698 P.2d 637, 213 Cal.Rptr. 569 (1985). In *Misener,* defendant challenged the validity of a state statute that allowed the prosecution in a criminal case to discover from defendant or his counsel prior statements made by defendant's trial witnesses. 38 Cal.3d at 545, 698 P.2d at 638, 213 Cal.Rptr. at 570. The California Supreme Court held the statute unconstitutional under the California constitution because it violated the privilege against self-incrimination. The *Misener* court interpreted the state constitution to require the prosecution to carry the entire burden of proof in a criminal case, and the defendant could not be forced to supply the prosecutor with evidence that could impeach his defense witnesses and thereby tend to incriminate him. *Id.* The *Misener* decision is based on that court's view of its state constitution. In this jurisdiction we permit discovery in a defense case to a degree which would not be allowed in California. *See* Rule 15.2, Rules of Criminal Procedure; *State v. Talley,* 112 Ariz. 268, 540 P.2d 1249 (1975); *Wright v. Superior Court,* 110 Ariz. 265, 517 P.2d 1261 (1974); *State v. Fendler,* 127 Ariz. 464, 622 P.2d 23 (App. 1980), *cert. denied,* 452 U.S. 961, 101 S.Ct. 3108, 69 L.Ed.2d 971 (1981). Additionally, in the instant case we conclude that the defendant was not compelled to introduce incriminating evidence, and the prosecution was required to prove its case beyond a reasonable doubt.

■ Even where the defendant does not take the stand, the prosecutor may properly comment on the defendant's failure to present exculpatory evidence which would substantiate defendant's story, as long as it does not constitute a comment on defendant's silence. *State v. Fuller,* 143 Ariz. 571, 694 P.2d 1185 (1985); *State v. Hatten,* 106 Ariz. 239, 474 P.2d 830 (1970). Such comment is permitted by the well recognized principle that the nonproduction of evidence may give rise to the inference that it would have been adverse to the party who could have produced it. *State v. Hatten, supra; People v. Basler,* 217 Cal. App.2d 389, 31 Cal.Rptr. 884 (1963); *People v. Williams,* 40 Ill.2d 522, 240 N.E.2d 645 (1968), *cert. denied,* 393 U.S. 1123, 89 S.Ct. 1004, 22 L.Ed.2d 129 (1969); 2 Wigmore, *Evidence* § 285 (Chadbourn rev. 1979). We believe that the prosecution's questions on cross-examination and its remarks in closing arguments were simply comments designed to draw reasonable inferences based on Keen's failure to present evidence relating to the breath sample. Although we do not have a complete trial transcript, it is apparent from defense counsel's closing statement that Keen had challenged the validity of the State's blood alcohol test results. It strikes us as elemental fairness to allow the State to comment upon the defense's failure to adduce potentially exculpatory evidence to which defendant had access when defendant is attacking the accuracy of the State's evidence.

■ Keen argues that allowing the prosecutor to comment on a defendant's failure to present evidence based on the breath sample is tantamount to requiring the defendant to prove the case against him. We cannot agree. The inference that may be drawn from Keen's failure to produce evidence—that the facts were unfavorable to him—is not unreasonable. To the extent that the prosecutor's statement in rebuttal closing argument may have implied that defendant had the burden of proof, however, the trial court's cautionary instruction to the jury was sufficient to cure any harm. *See State v. White,* 115 Ariz. 199, 204, 564 P.2d 888, 893 (1977).

The admissibility of evidence of Keen's acceptance of the second breath sample and his failure to produce any evidence does not determine the weight it is to be given. The defendant may go forward with evidence to provide any alternative reasons he may have for declining to enter the results of testing, if any, into evidence. *See State v. White,* 101 Ariz. 164, 166, 416 P.2d 597, 599 (1966).

■ Although the evidence of the defendant being furnished a breath sample was admissible, we believe the purpose of that evidence was limited to raising the inference that the nonproduction of any test results of the sample would be adverse to the defendant. We reject the State's contention that such evidence is also evidence of defendant's consciousness of guilt. The cases cited by the State do not support its contention, and the great weight of authority supports the limitation stated above on the use of such evidence.

Keen also asserts that our opinions in *Baca, supra,* and *Montano v. Superior Court,* 149 Ariz. 385, 719 P.2d 271 (1986), create a privileged status for the defendant's breath sample. As Keen correctly points out, we held in *Baca* that "when requested, the police must take and preserve a separate sample for the suspect...." *Baca,* 124 Ariz. at 356, 604 P.2d at 620. The basis for this ruling is the suspect's due process right to have the opportunity to counter results of the State's blood alcohol test with defendant's own scientific evidence, particularly where a first sample of such evidence is completely destroyed by the State's testing procedure. *Id.* Without such crucial evidence in DUI cases, the defendant may be limited in his ability to challenge the accuracy of the State's test results when entered against him at trial. *Montano,* 149 Ariz. at 389–90, 719 P.2d at 275–76.* We have stated that "[d]ue process would be offended if, under the aegis of implied consent, we granted to the state a monopoly over objective means of proof." *Id.* at 390, 719 P.2d at 276. The

importance of objective, scientific evidence to a fair trial has long been recognized in this state. *Id.* at 391, 719 P.2d at 277. While our decisions give DUI suspects a right to obtain a breath sample and to receive notice of such right, nowhere have we bestowed protected status on respondent's breath sample.

■ Keen's argument appears to be premised upon an assumption that the breath sample he requested and obtained for his own use amounts to testimonial evidence protected by the attorney-client privilege. The attorney-client privilege protects only confidential communications between a client and his or her attorney. *Granger v. Wisner,* 134 Ariz. 377, 379, 656 P.2d 1238, 1240 (1982). It is clear that respondent Keen's breath sample does not constitute a confidential communication between Keen and his attorney. Thus the privilege is inapplicable here.

We hold, therefore, that when a DUI suspect requests and obtains a breath sample for his own use and challenges the accuracy of the State's test results at trial, the prosecutor may present evidence that the defendant was given a breath sample and comment on the defendant's failure to produce evidence concerning the test results, if any, of the defendant's sample.

The order of the respondent superior court judge reversing the conviction of the respondent Keen is vacated, and the respondent judge is directed to reinstate the judgment of conviction of the municipal court and remand the case to the municipal court for execution of the sentence.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON, J., concur.

Justice JAMES MOELLER did not participate in the determination of this matter.

---

\* We note that the jury found Keen not guilty of driving with a blood alcohol content of .10%. So despite not having entered results of tests of his breath sample into evidence, Keen was nevertheless successful in challenging the results of the State's test, which indicated that he had a .14% blood alcohol content.