NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

-----

STATE OF ARIZONA, *Appellee,*

*v.*

JAMES ANDREW WILSON, *Appellant.*

No. 1 CA-CR 13-0075
FILED 4-17-2014

-----

Appeal from the Superior Court in Maricopa County
No. CR2012-126450-001 DT
The Honorable Harriett Chavez, Judge

**AFFIRMED**

-----

COUNSEL

Arizona Attorney General's Office, Phoenix
By Willam Scott Simon
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Peg Green
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge John C. Gemmill joined.

---

**H O W E,** Judge:

¶1         Wilson appeals his convictions and sentences for conducting a chop shop, a class 2 felony, and theft of means of transportation, a class 3 felony.  For the following reasons, we affirm.

¶2         Police responding to a signal emitted from a 2008 Chrysler PT Cruiser stolen a day earlier discovered Wilson and his codefendant standing over a shell of the vehicle inside a trailer parked on a residential driveway. A police officer saw Wilson attempt to remove a panel from the vehicle. An engine and other vehicle parts sat in pools of oil and grease on the floor of the garage at the head of the driveway. Wilson had grease on his hands, under his fingernails, and on his clothes. The jury convicted Wilson of the charged offenses, and the court sentenced him to mitigated concurrent prison terms, the longest of which was four years.

¶3         Wilson argues that the prosecutor engaged in repeated misconduct in closing arguments by commenting on Wilson's failure to testify and to call witnesses in his defense, by referring to matters not in evidence, and by vouching. "Prosecutorial misconduct 'is not merely the result of legal error, negligence, mistake, or insignificant impropriety, but, taken as a whole, amounts to intentional conduct which the prosecutor knows to be improper and prejudicial and which he pursues for any improper purpose with indifference to a significant resulting danger of mistrial.'" *State v. Aguilar*, 217 Ariz. 235, 238-39 ¶ 11, 172 P.3d 423, 426-27 (App. 2007) (*quoting Pool v. Superior Court*, 139 Ariz. 98, 108-09, 677 P.2d 261, 271-72 (1984)). To determine whether a prosecutor's remarks are improper, we consider whether the remarks called the jurors' attention to matters they would not be justified in considering, and the probability, under the circumstances, that the jurors were influenced by the remarks. *State v. Jones*, 197 Ariz. 290, 305 ¶ 37, 4 P.3d 345, 360 (2000). "To prevail on a claim of prosecutorial misconduct, a defendant must demonstrate that the prosecutor's misconduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." *State v. Morris*, 215 Ariz. 324, 335 ¶ 46, 160 P.3d 203, 214 (2007) (internal

citation omitted). "The misconduct must be so pronounced and persistent that it permeates the entire atmosphere of the trial." *Id.* (internal citation omitted).

¶4        Wilson objected at trial to only two instances of alleged prosecutorial misconduct. In the first instance, the court overruled his objection on grounds of lack of evidentiary support to the prosecutor's comment that "Mr. Wilson was living in the house when this was done." Although the evidence did not support the prosecutor's remark, the prosecutor emphasized both before and after this isolated comment that defense counsel's focus on the absence of proof of who owned or rented the house was a red herring. Taken in its entirety, the prosecutor's argument did not make the objectionable remark intentionally for an improper purpose, but inadvertently misspoke, and thus did not engage in misconduct. *Aguilar*, 217 Ariz. at 238-39 ¶ 11, 172 P.3d at 426-27. Moreover, in context and given the superior court's instruction that the lawyers' arguments were not evidence, the remark was unlikely to have influenced the jurors, necessary to show the prejudice required for reversal. *See Jones*, 197 Ariz. at 305 ¶ 37, 4 P.3d at 360.

¶5        In the second instance, the court sustained Wilson's objection on grounds of vouching to the prosecutor's rhetorical question about whether the police officers who testified would have risked their jobs by lying on the stand. Along with sustaining the objection, the court previously had instructed the jury to disregard testimony (and by implication, argument) to which it sustained an objection. In addition, the court admonished counsel in front of the jury "to be careful in your comments." Under these circumstances, we presume the jury disregarded this comment. *See State v. LeBlanc*, 186 Ariz. 437, 439, 924 P.2d 441, 443 (1996).

¶6        Wilson did not object at trial to the other claimed instances of prosecutorial misconduct, limiting appellate review to fundamental error resulting in prejudice. *See State v. Henderson*, 210 Ariz. 561, 568 ¶ 22, 115 P.3d 601, 608 (2005). Wilson accordingly bears the burden of establishing that the prosecutor engaged in misconduct, that the misconduct deprived him of a fair trial, and that the misconduct caused him prejudice. *Id.* at 568 ¶¶ 23, 26, 115 P.3d at 608. Wilson has not met his burden.

¶7        This Court is not persuaded by Wilson's argument that the prosecutor engaged in misconduct by commenting on Wilson's failure to testify or to call witnesses in his defense. A "prosecutor may properly

comment upon the defendant's failure to present exculpatory evidence, so long as the comment is not phrased to call attention to the defendant's own failure to testify." *State v. Fuller*, 143 Ariz. 571, 575, 694 P.2d 1185, 1189 (1985). This Court is not persuaded that the prosecutor improperly called attention to Wilson's failure to testify by arguing that the "defendants are never gonna get on the stand and say, 'I did it. You got me.' They're going to poke holes in whatever evidence the State has." In context, the prosecutor's comment on its face was not phrased to call attention to Wilson's failure to testify, but was a rhetorical flourish. *See id.* Nor is this Court persuaded that the prosecutor engaged in misconduct by arguing that "if the defense feels somehow the State is hiding or obscuring evidence, the defense is free to subpoena and bring in to testify anyone they choose." The prosecutor's comment responded to Wilson's argument and addressed Wilson's failure to present a witness who might have supported his argument that he and his codefendant had no reason to know the vehicle had been stolen. The comment accordingly was not improper. *See id.*

¶8            Finally, this Court is not persuaded that, in arguing that Wilson should have known the vehicle was stolen, the prosecutor deliberately misstated the evidence by his brief reference to the failure of police to find the vehicle's title. The absence of a title could reasonably have been inferred from the extensive testimony on the other items found at the scene or on the defendants, which did not include the vehicle's title. The reference to the missing title accordingly did not rise to the level of misconduct. *See Aguilar*, 217 Ariz. at 238-39 ¶ 11, 172 P.3d at 426-27.

¶9            In short, on this record, we conclude that the prosecutor did not engage in misconduct, much less misconduct that permeated the entire atmosphere of the trial or "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *See Morris*, 215 Ariz. at 335 ¶ 46, 160 P.3d at 214.

¶10           Wilson's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: MJT