NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

MARK EDWARD HARRISON, *Appellant*.

No. 1 CA-CR 14-0293
FILED 6-11-2015

Appeal from the Superior Court in Maricopa County
No.  CR 2013-422730-001
The Honorable Robert E. Miles, Judge (Retired)

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Colby Mills
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Jon W. Thompson joined.

---

**D O W N I E**, Judge:

**¶1**        Mark Edward Harrison appeals his conviction and sentence for theft of means of transportation.  Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY[1]

**¶2**        Officer Burns stopped Harrison after he saw him run a stop sign while driving a scooter.  Harrison had no driver's license, registration, or proof of insurance.  He told Officer Burns he had just finished fixing the scooter and was on his way to sell it to a friend.  Another officer ran the VIN number and discovered the scooter had been reported stolen.  When confronted with this information, Harrison stated the scooter was not his and belonged to a neighbor.

**¶3**        Officer Burns placed Harrison under arrest and read him *Miranda* warnings.  Harrison chose to waive his rights and speak with the officers.  He stated the scooter belonged to Duane Jensen, who lived in an apartment adjoining his at 2025 West Belmont.  The officers determined that address was an open field next to a school.  They also searched various databases but found no one named Duane Jensen.

**¶4**        Harrison was charged with one count of theft of means of transportation.  After a jury trial, he was convicted and sentenced as a repetitive offender to 11.25 years' imprisonment.  Harrison timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A).

---

[1]        We view the evidence in the light most favorable to sustaining the jury's verdict.  *See State v. Nelson*, 214 Ariz. 196, 196, ¶ 2, 150 P.3d 769, 769 (App. 2007).

## DISCUSSION

### I.    Sufficiency of Evidence

¶5         Harrison argues there was insufficient evidence to support his conviction.  We review the sufficiency of the evidence *de novo*.  *State v. Pena*, 235 Ariz. 277, 279, ¶ 5, 331 P.3d 412, 414 (2014).  If, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we will affirm.  *State v. Montano*, 204 Ariz. 413, 423, ¶ 43, 65 P.3d 61, 71 (2003), *supplemented by* 206 Ariz. 296, 77 P.3d 1246 (2003).

¶6         As charged, the State was required to prove beyond a reasonable doubt that Harrison, without lawful authority, knowingly controlled another person's means of transportation while knowing or having reason to know that it was stolen.  A.R.S. § 13-1814(A)(5).  The lack of direct evidence of knowledge does not preclude a finding of guilt, as criminal convictions may rest solely on circumstantial proof.  *State v. Tison*, 129 Ariz. 546, 554, 633 P.2d 355, 363 (1981).  "It is axiomatic that intent or knowledge may be inferred from the circumstances surrounding a person's behavior or action."  *State v. Martinez*, 15 Ariz. App. 10, 12, 485 P.2d 600, 602 (1971).

¶7         The scooter's owner testified he did not know Harrison and had not given him permission to possess his scooter.  When the scooter was recovered, it had been painted and damaged.  A toggle switch had been installed to bypass the ignition, and the glove compartment had been cut out so the steering lock could be disabled.  Although Harrison testified he did not know the scooter was stolen, jurors obviously disbelieved his version of events.  *See State v. Toney*, 113 Ariz. 404, 408, 555 P.2d 650, 654 (1976) ("Evidence is not insubstantial simply because testimony is conflicting or reasonable persons may draw different conclusions from the evidence."); *State v. Clemons*, 110 Ariz. 555, 557, 521 P.2d 987, 989 (1974) ("[T]he jury is not compelled to accept [the defendant's] story or believe his testimony.").

¶8         Substantial evidence supports Harrison's conviction for theft of means of transportation.

### II.    Cross-Examination

¶9         Harrison also contends the court erred by overruling objections to questions posed during cross-examination.  We review evidentiary rulings for an abuse of discretion.  *State v. Blakely*, 204 Ariz.

429, 437, ¶ 34, 65 P.3d 77, 85 (2003). "An abuse of discretion occurs when the reasons given by the court for its actions are clearly untenable, legally incorrect, or amount to a denial of justice." *State v. Arellano*, 213 Ariz. 474, 478, ¶ 14, 143 P.3d 1015, 1019 (2006).

¶10 During his trial testimony, Harrison denied knowing the scooter had been stolen and stated it was in his possession because he was fixing it for neighbor Duane Jensen. Harrison further testified he had stopped by the home of Duane's friends before picking up the scooter. On cross-examination, the prosecutor questioned Harrison about his failure to produce any corroborating witnesses or documents. At one point, defense counsel objected, arguing the State was putting Harrison "in a corner where the explanation is he's been in custody and he doesn't have access to anything." The court overruled the objection. On redirect, the following colloquy occurred between Harrison and defense counsel:

> Q:  [The State] asked you several questions about your access to certain paper work.
>
> A:  Uh-huh.
>
> Q:  Have you had any access since May 2013 to any of your paper work?
>
> A:  No, ma'am.
>
> . . . .
>
> Q:  Do you have access to your address book?
>
> A:  Nothing.
>
> Q:  Do you have access to your phone?
>
> A:  No, ma'am, nothing.

¶11 Members of the jury submitted questions for Harrison. In discussing those questions during a sidebar conference, defense counsel stated, "I have no problem him saying where his records are, if he has no access to them. I think he's going to have to go into he's been in custody." Defense counsel objected to a juror question about prior felonies, but did not object to the other juror questions. After the bench conference, the court read various juror questions to Harrison, including: "Mr. Harrison, where are your records, if you have no access to them?" Harrison

4

responded: "I've been in custody. I have not been able to get ahold of nobody or nothing."

¶12      Harrison argues the State impaired his constitutionally guaranteed presumption of innocence by asking questions that forced him to reveal his in-custody status. We disagree. A prosecutor may "comment upon the defendant's failure to present exculpatory evidence, so long as the comment is not phrased to call attention to the defendant's own failure to testify." *State v. Fuller*, 143 Ariz. 571, 575, 694 P.2d 1185, 1189 (1985); *see also State ex rel. McDougall v. Corcoran*, 153 Ariz. 157, 160, 735 P.2d 767, 770 (1987) ("Such comment is permitted by the well recognized principle that the nonproduction of evidence may give rise to the inference that it would have been adverse to the party who could have produced it."). Moreover, Harrison could have responded to the questions without revealing that he was in custody. Although the prosecutor's questions implicitly challenged his version of events by highlighting the lack of corroborating evidence, a defendant's right to testify on his own behalf does not include the unqualified right to have only those facts favorable to his case brought out on cross-examination. *State v. King*, 110 Ariz. 36, 39, 514 P.2d 1032, 1035 (1973). And when Harrison ultimately did reveal his in-custody status, it was in response to a juror's question to which he did not object.

¶13      We find no abuse of discretion in overruling Harrison's objections to the State's questions on cross-examination.

**CONCLUSION**

¶14      We affirm Harrison's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama