NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

MARTINE R. APODACA, *Appellant*.

No. 1 CA-CR 15-0096
FILED 8-4-2016

Appeal from the Superior Court in Maricopa County
No.  CR 2011-007703-003
The Honorable Pamela S. Gates, Judge

**AFFIRMED**

COUNSEL

Law Office of Patricia A. Hubbard, Phoenix
By Patricia A. Hubbard
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

_____

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Peter B. Swann joined.

_____

**O R O Z C O**, Judge:

**¶1**        Martine R. Apodaca (Defendant) appeals his convictions and sentences.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2**        Defendant was charged with thirteen counts stemming from a home invasion in 2010.  A jury trial was held, and the State presented DNA evidence. A forensic scientist, Cynthia Gutierrez, testified that Defendant's DNA was found on a ski mask linked to the crime.

**¶3**        On cross-examination, Ms. Gutierrez testified that DNA from two other individuals was present on the ski mask (Minor Profiles). However, the Minor Profiles were incomplete, and could not be compared against any known DNA profiles.  Ms. Gutierrez further testified that the DNA samples were only tested once, pursuant to standard practice. Defense counsel then asked, "[s]o even though [the Minor Profiles] had missing information, you never went back to run it again to see if . . . added information could have been found for the missing information so that you could have possibly got a [DNA match]?"  Ms. Gutierrez responded that "[i]t's possible[,]" but "usually there's generally not a significant change in the samples when you run them over and over again that would yield the information. . . . [B]ased on my experience, it's not likely."

**¶4**        On redirect examination, the State asked Ms. Gutierrez without objection whether "anybody in this case ever contacted you and said they disagreed with the results and would like these things retested[,]" and whether she would have retested the items if requested.  Ms. Gutierrez testified that "we can run them over[,]" but she was never contacted about retesting the items.  Ms. Gutierrez also confirmed that another DNA lab could have swabbed the ski mask and ran their own DNA analysis, if requested.

**¶5**        The jury convicted Defendant on all counts and Defendant timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of

the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1, 13-4031, and -4033 (West 2016).[1]

**DISCUSSION**

**¶6**          Defendant argues that after he challenged the accuracy of the DNA results at trial, the State "impermissibly attempted to shift the burden [of proof] to [Defendant]" by establishing on redirect examination that Defendant could have—but did not—retest the DNA.  Because Defendant did not raise this argument to the trial court, we review for fundamental error.  *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005).  An error is fundamental if it goes to the foundation of the case, takes from a defendant a right essential to the defense, and is of such magnitude that is prevents a fair trial.  *Id.* (quoting *State v. Hunter*, 142 Ariz. 88, 90 (1984)).  The defendant bears the burden of establishing both that fundamental error occurred, and that the error caused prejudice.  *Id.* at ¶ 22 (citations omitted).

**¶7**          As a general rule, a prosecutor "may properly comment on the defendant's failure to present exculpatory evidence which would substantiate defendant's story, as long as it does not constitute a comment on defendant's silence."  *State ex rel. McDougall v. Corcoran*, 153 Ariz. 157, 160 (1987).  When a defendant challenges the sufficiency of the investigation, a prosecutor's argument that the defendant had the opportunity to independently test evidence does not impermissibly shift the burden of proof to the defendant.  *See State v. McKinley*, 157 Ariz. 135, 138 (App. 1988) (finding that prosecutor's argument that a defendant had the opportunity to independently test evidence and failed to do so did not shift the burden of proof to defendant).  Such comments by the prosecution which refute a defendant's theory are proper because they "are a fair rebuttal to areas opened by the defense."  *State v. Alvarez*, 145 Ariz. 370, 373 (1985) (citing *State v. Martinez*, 130 Ariz. 80, 82-83 (App. 1981)).

**¶8**          Here, Defendant's questions on cross examination of Ms. Gutierrez were meant to show that the State's DNA analysis was deficient.  In turn, the State's questioning on redirect examination rebutted the theory advanced by the defense, and did not shift the burden of proof to Defendant.  Therefore, the State's questioning was proper.  *See id.*; *Martinez*, 130 Ariz. at 82-83.  Finding that no error occurred, much less fundamental error, Defendant has not met his burden.

---

[1]     We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

## CONCLUSION

¶9          For the foregoing reasons, we affirm Defendant's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: AA