NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

MELISSIA MULDROW, *Appellant*.

No. 1 CA-CR 17-0662
FILED 11-8-2018

Appeal from the Superior Court in Maricopa County
No.  CR2016-005720-001
The Honorable Michael D. Gordon, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By William S. Simon
*Counsel for Appellee*

Barbara Hull Attorney at Law, Phoenix
By Barbara L. Hull
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge James P. Beene and Judge James B. Morse Jr. joined.

---

**B R O W N**, Judge:

¶1        Melissia Muldrow appeals her convictions and sentences for two counts of sale or transportation of dangerous drugs. She argues the trial court erred in denying her motion to sever. Muldrow also asserts the prosecutor committed misconduct by attempting both to shift and reduce the State's burden of proof. Finally, Muldrow contends these purported errors cumulatively resulted in an unfair trial. For the following reasons, we affirm.

## BACKGROUND

¶2        Detective Castellanos was working undercover in a drug investigation when she approached Muldrow's apartment and asked to see "Spice," a nickname for Muldrow's husband Joe, whom Castellanos had previously met. Joe was not home, so Castellanos purchased methamphetamine from Muldrow. A few days later, Castellanos returned to the apartment with Detective Romo and conducted two additional undercover purchases of methamphetamine from Muldrow and Joe. A jury found them guilty of two counts each of sale or transportation of dangerous drugs. As for Muldrow, the trial court imposed concurrent prison sentences, the longest being 10 years. This timely appeal followed.

## DISCUSSION

### A.        Denial of Motion to Sever

¶3        On the first day of trial, the court denied Muldrow's renewed Motion to Sever Counts and Defendants or in the Alternative Impanel Dual Juries. Muldrow unsuccessfully re-urged her motion after Castellanos clarified, as follows, a conversation between herself and Muldrow that had been recorded and played for the jury:

> [Muldrow] is explaining to me that the stuff that she had was really good. It's sweet. And I was telling her, yeah, it is really good. Like some of the other stuff that I'm buying from some

2

of the other people is not as good. And I told her that [Joe] was really good -- has been good to me since I had been coming there . . . .

Muldrow argues the court erred by not trying her separately from Joe; specifically, Muldrow contends she was prejudiced because Castellano's statement revealed that Joe had prior contacts with police.

¶4        When two or more defendants are joined for trial, Arizona Rule of Criminal Procedure 13.4(a) requires a court to sever the trials if "necessary to promote a fair determination of any defendant's guilt or innocence of any offense." The decision to grant or deny a severance motion is within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. *State v. Cruz*, 137 Ariz. 541, 544 (1983). In making its decision, the court must "balance the possible prejudice to the defendant against interests of judicial economy." *Id.* When, as here, a defendant challenges the court's failure to grant a severance motion, she "must demonstrate compelling prejudice against which the trial court was unable to protect." *Id.* Our supreme court has described four circumstances under which a defendant will generally be able to prove the requisite level of prejudice: "(1) evidence admitted against one defendant is facially incriminating to the other defendant; (2) evidence admitted against one defendant has a harmful 'rub-off effect' on the other defendant; (3) there is a significant disparity in the amount of evidence introduced against each of the two defendants; or (4) co-defendants present defenses that are so antagonistic that they are mutually exclusive." *State v. Grannis*, 183 Ariz. 52, 58 (1995) (citations omitted).

¶5        Muldrow is unable to meet her burden to show "compelling prejudice" for several reasons. The trial court struck the last sentence of Castellano's statement from the record and immediately admonished the jury not to consider it. We presume the jury followed this admonishment. *State v. Newell*, 212 Ariz. 389, 403, ¶ 69 (2006). Neither defendant implicated the other, as they did not testify, nor did they present antagonistic defenses. *See State v. Murray*, 184 Ariz. 9, 25 (1995). Moreover, nothing in the record shows the joint trial rendered the jury unable to "'keep separate the evidence that is relevant to each defendant and render a fair and impartial verdict' as to each." *See State v. Van Winkle*, 186 Ariz. 336, 339 (1996) (quoting *State v. Lawson*, 144 Ariz. 547, 556 (1985)) (noting mere introduction of evidence concerning only one defendant is generally insufficient to establish prejudicial rub-off).

¶6          Lastly, the trial court later instructed the jury as follows: "[Y]ou must consider the charges against each defendant separately. Each defendant is entitled to have the jury determine the verdict as to each of the crimes based on that defendant's own conduct and from the evidence which applies to that defendant as if that defendant were being tried alone." When other-act evidence implicates one defendant only, "the absence of [the other defendant] diminishes the prejudicial impact of the [prior] episode as to him," such that limiting instructions are sufficient, and severance is not merited. *See State v. Robinson*, 165 Ariz. 51, 57 (1990); *see also State v. Runningeagle*, 176 Ariz. 59, 68 (1993) (noting risk that evidence against defendant "rubbed off" on co-defendant was minimized by similar jury instruction); *cf. Van Winkle*, 186 Ariz. at 341 (finding trial court's error in not severing defendants' joint trial was not harmless because court failed to admonish jury "to keep separate the evidence applying to each defendant, uninfluenced by evidence pertaining to the other defendant"). Given the court's proper instruction, we presume the jury considered the evidence against each defendant separately. *See Parker v. Randolph*, 442 U.S. 62, 73 (1979).

### B.      Burden Shifting

¶7          During the prosecutor's redirect examination of the expert who tested the methamphetamine purchased by Castellanos, the trial court overruled Muldrow's objections to a series of questions concerning the lack of requests from defense counsel to independently test the drugs. Muldrow also unsuccessfully objected to the prosecutor's references during closing arguments to her failure to independently test the drugs.

¶8          Muldrow contends the prosecutor's questioning of the forensics expert and the related statements during closing argument improperly commented on her failure to present evidence and shifted the burden of proof to her. Because Muldrow objected during both the examination of the expert and closing argument, we apply the standard of review set forth in *State v. Anderson*, 210 Ariz. 327 (2005). *State v. Morris*, 215 Ariz. 324, 335, ¶ 47 (2007). "Prosecutorial misconduct constitutes reversible error only if (1) misconduct exists and (2) 'a reasonable likelihood exists that the misconduct could have affected the jury's verdict, thereby denying defendant a fair trial.'" *Id.* at ¶ 46 (quoting *Anderson*, 210 Ariz. at 340, ¶ 45).

¶9          A prosecutor may not comment on a defendant's post-arrest silence for substantive or impeachment purposes. *Doyle v. Ohio*, 426 U.S. 610, 617–20 (1976); *State v. VanWinkle*, 229 Ariz. 233, 236–37, ¶¶ 14–15 (2012). However, a prosecutor may comment on a defendant's failure to present

exculpatory evidence so long as the defendant's silence is not mentioned. *State ex rel. McDougall v. Corcoran*, 153 Ariz. 157, 160 (1987) ("It strikes us as elemental fairness to allow the State to comment upon the defense's failure to adduce potentially exculpatory evidence to which defendant had access when defendant is attacking the accuracy of the State's evidence."). Furthermore, "[c]omments that are invited and prompted by opposing counsel's arguments are not improper if they are reasonable and pertinent to the issues raised." *State v. Trostle*, 191 Ariz. 4, 16 (1997).

**¶10** Applying these principles, we find no error because none of the conduct Muldrow objects to on appeal amounts to prosecutorial misconduct. During her cross-examination of the expert who tested the methamphetamine, Muldrow posed a series of questions that attempted to discredit the results of the testing. Muldrow questioned whether the equipment used was functioning properly, and whether the expert could be sure that what he was testing had not been contaminated. Throughout, Muldrow also attempted to discredit the State's expert by implying his failure to bring the lab's policy manual to court meant the State could not prove its testing procedures adequately minimized the risk of error. She also questioned Detective Romo on law enforcement's failure to collect fingerprint and DNA evidence from the baggies containing the drugs.

**¶11** Because the State did not comment on Muldrow's post-arrest silence, and Muldrow challenged the accuracy of the State's testing procedures, the court did not err in permitting the State to elicit testimony, and make statements in closing argument, regarding Muldrow's failure to request independent tests of the drugs. *See id.* (finding that prosecutor's references to "defendant's failure to call an expert witness" were appropriate responses to defendant's arguments); *State v. Bible*, 175 Ariz. 549, 602 (1993) ("[D]uring closing arguments counsel may summarize the evidence, make submittals to the jury, urge the jury to draw reasonable inferences from the evidence, and suggest ultimate conclusions."); *State v. McKinley*, 157 Ariz. 135, 138 (App. 1988) (finding that prosecutor's argument that a defendant had the opportunity to independently test evidence and failed to do so did not shift the burden of proof to defendant). At no time did the prosecutor state that Muldrow's failure to request independent testing required the jury to reach a particular result. Instead, the prosecutor's remarks were a "reasonable and pertinent [response] to the issues raised by the defense." *State v. Arredondo*, 111 Ariz. 141, 144 (1974).

### C.    Reduction of Burden of Proof

¶12        The prosecutor stated the following during rebuttal closing argument:

> Now, one of the defense attorneys talked about taking lumps. You know what, responsibility is an important thing. The defendants don't want to be held responsible. They want the [s]tate to meet its burden. That's an important thing and that's a constitutional right. But you know what, today is -- you're right. They're right. You are the kings and queens. You get to tell the defendants: [t]ake responsibility. The State has proven beyond a reasonable doubt that you sold meth to undercover officers. Take your lumps.

Muldrow argues the prosecutor's statements regarding the defendants taking "responsibility" amount to reversible prosecutorial misconduct because they improperly diminished the State's burden of proof. Because Muldrow did not object at trial, we review for fundamental error. *State v. Escalante*, 245 Ariz. 135, 138, ¶ 1 (2018). The first step in fundamental error review is to determine whether error exists, meaning that we must first find whether the prosecutor in fact committed misconduct. *See id.* at 142, ¶ 21.

¶13        The isolated "responsibility" references did not reduce the State's burden of proof. Throughout trial, including during closing argument, the court and counsel repeatedly reminded the jury that the State had the burden to establish guilt beyond reasonable doubt. Accordingly, no prosecutorial misconduct occurred. *See State v. Herrera*, 174 Ariz. 387, 396–97 (1993) (finding no misconduct where prosecutor urged jurors "to do justice" if burden of proof was met); *State v. Goudeau*, 239 Ariz. 421, 468, ¶ 210 (2016) (finding no misconduct where prosecutor argued that "[w]e are seeking a just punishment for what this defendant has done"); *see also State v. Aguilar*, 217 Ariz. 235, 238–39, ¶ 11 (App. 2007) ("Prosecutorial misconduct 'is not merely the result of legal error, negligence, mistake, or insignificant impropriety, but, taken as a whole, amounts to intentional conduct which the prosecutor knows to be improper and prejudicial, and which he pursues for any improper purpose with indifference to a significant resulting danger of mistrial.'" (quoting *Pool v. Superior Court*, 139 Ariz. 98, 108–09 (1984))).

### D.    Cumulative Error

¶14        Muldrow also requests that we apply the cumulative error doctrine to find she is eligible for a new trial. However, that doctrine

6

applies only to cases involving allegations of prosecutorial misconduct. *See State v. Hughes*, 193 Ariz. 72, 78–79, ¶ 25 (1988) (stating the general rule of not recognizing cumulative error, with the exception of claims involving prosecutorial misconduct). Muldrow raised two isolated claims of prosecutorial misconduct, which we have rejected. We also conclude that their cumulative effect did not so permeate the trial with unfairness as to deny Muldrow due process. *See id.* at 79, ¶ 26.

## CONCLUSION

¶15      Muldrow's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA